911 F.2d 722
 1990-2 Trade Cases 69,128
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GEOPLEX CORPORATION, Plaintiff-Appellant,
v.
CACI, INCORPORATED--FEDERAL, Herbert W. Karr, J.P. London,
John H. Baker, Defendants-Appellees.
 No. 89-1594.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1990.
Decided Aug. 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-89-610-A)
 Cleveland Thornton, III, Rubenstein & Thornton, Fairfax, Va., (argued), for appellant; Alice M. Owens, Rubenstein & Thornton, Fairfax, Va., Louis R. Paulick, Golden, Freba & Schraub, P.C., McLean, Va., on brief.
 Douglas Jay Colton, Verner, Liipfert, Bernhard, McPherson and Hand, Chartered, Washington, D.C., (argued), for appellees; Joseph L. Manson, III, John A. Menke, Don C. Lewis, Verner, Liipfert, Bernhard, McPherson and Hand, Chartered, Washington, D.C., Jeffrey P. Elefante, Vice President and Assistant General Counsel, Caci, Inc.-Federal, Arlington, Va., Leslie M. Alden, Verner, Liipfert, Bernhard, McPherson and Hand, Chartered, McLean, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Geoplex Corporation appeals from the grant of summary judgment on its conspiracy and restraint of trade claims brought under Sec. 1 of the Sherman Act, 15 U.S.C. Sec. 1, against appellees Caci, Incorporated-Federal ("Caci"); the Chairman of the Board of Directors of Caci's parent corporation (Caci International, Inc.), Herbert W. Karr; Caci's President and Chief Executive Officer, J.P. London; and its Executive Vice President and Treasurer, John H. Baker.[1] We affirm.
 
 
 2
 The basis of Geoplex's Sherman Act claims is the allegation that the individual defendants conspired with each other and with Caci to illegally restrain trade and put Geoplex out of business. Geoplex acknowledges appellees' potential immunity under the intracorporate conspiracy doctrine (a corporation and its officers cannot conspire to violate the antitrust laws), but argues that the doctrine does not apply here because the individual defendants were motivated to participate in this conspiracy by personal interests, wholly independent from the interests of Caci. See Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 769-70 (1984); Greenville Publishing Co. v. Daily Reflector, Inc., 496 F.2d 391, 399-400 (4th Cir.1974).[2] The district court rejected this argument, finding that Geoplex's proof of personal interest on the part of the individual defendants was insufficient to remove the claims from the doctrine's immunity. In the alternative, the court found the claims fatally flawed because Geoplex had failed to show that the defendants' actions resulted in an antitrust injury to competition.
 
 
 3
 On appeal, Geoplex challenges both of the district court's holdings. We need reach only the first. Upon review of the record, the briefs, and after consideration of oral argument, we find no error in the lower court's conclusion that the intracorporate conspiracy doctrine precludes Geoplex's claims. Accordingly, the judgment below is affirmed.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Upon dismissal of the federal antitrust claims, the district court dismissed Geoplex's pendent state law claims without prejudice
 
 
 [2]
 The fact that appellee Karr is an officer of Caci's parent corporation does not strip him of this immunity. In Copperweld, the Supreme Court made clear that "the coordinated activity of a parent and its wholly owned subsidiary must be viewed as that of a single enterprise for purposes of Sec. 1 of the Sherman Act." Id. at 771. Thus, Karr's actions are within the ambit of the intracorporate conspiracy doctrine's immunity